**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-CV-23545-RAR**

**JUAN ALEJANDRO HERNANDEZ PEREZ**,

Petitioner,

v.

**UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES**,

Respondent.
_______________________________________/

**ORDER DENYING MOTION TO DISMISS**
**FOR MOOTNESS AND REQUIRING AMENDED PETITION**

**THIS CAUSE** comes before the Court upon Respondents' Motion to Dismiss for Mootness ("Motion"), [ECF No. 22], filed on May 8, 2026. Petitioner filed his Response in Opposition on May 12, 2025 ("Response"), [ECF No. 24]. Respondents filed their Reply on May 19, 2026 ("Reply"), [ECF No. 25]. Having considered the parties' briefing, the record, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that Respondents' Motion to Dismiss for Mootness, [ECF No. 24], is **DENIED** for the reasons stated herein.

**BACKGROUND**

On August 7, 2025, Petitioner filed a Petition for Review Under Section 310(c) of the Immigration and Nationality Act ("Petition") seeking judicial review of the denial of his naturalization application ("Application"). *See* Pet., [ECF No. 1]. In his Petition, Petitioner "seeks judicial review of USCIS's decision dated July 9, 2025, reaffirming the denial of Petitioner's Form N-400, Application for Naturalization, on the grounds that Petitioner was allegedly not lawfully admitted for permanent residence." Pet. at 1. Petitioner explains that United States Citizenship

and Immigration Services ("USCIS") denied his application because his "failure to disclose military service and weapons training constituted a willful misrepresentation of a material fact" on his Form I-485. Pet. ¶ 13. However, he "maintains that his I-485 responses were truthful to the best of his recollection, made in good faith, and that any omissions were neither willful nor material to his eligibility for adjustment of status or naturalization." Pet. ¶ 14.

The Court entered an Order to Show Cause on August 7, 2025, [ECF No. 6], directing Respondents to show cause why the requested relief should not be granted on or before October 6, 2025. Then, on October 6, 2025, Respondents filed an Unopposed Motion to Stay Case for Sixty Days. *See* [ECF No. 8]. Respondents informed the Court that USCIS "reopened the proceedings in connection with Petitioner's Form N-336, Request for a Hearing on a Decision in Naturalization Proceedings ("N-336")" and "requires additional time to conduct the interview and to review and consider any additional evidence that may be received in considering Petitioner's eligibility for naturalization." *Id.* at 1–2. The Court granted Respondents' Motion and stayed the case. *See* [ECF No. 9].

Respondents moved to extend the stay, *see* [ECF No. 10], given a Policy Memorandum directing USCIS to place a hold on pending benefit requests for noncitizens from certain countries—including Petitioner's home country of Cuba. The Court granted Respondents' Motion and extended the stay. *See* [ECF No. 11]. Upon expiration of the stay, Respondents moved for a sixty-day extension of time to respond to the Petition, [ECF No. 14], which the Court granted, [ECF No. 15]. When Respondents failed to timely respond to the Petition, the Court entered an Order to Show Cause directing Respondents to respond on or before May 1, 2026. *See* [ECF No. 16].

Respondents filed a Second Unopposed Motion for Extension on May 4, 2026 "requesting one additional, brief extension because USCIS has advised that adjudication of the pending

application will be completed by May 8, 2026." [ECF No. 19] at 3. Then, on May 8, 2026, Respondents filed the instant Motion to Dismiss for Mootness, [ECF No. 22].

Respondents ask the Court to deny the Petition as moot because, that same day, USCIS affirmed the denial of Petitioner's N-400 Application for Naturalization. *See* Mot. at 3. However, USCIS rested its May 8, 2026 denial on different grounds than the July 9, 2025 denial. *See id.* According to Respondents, USCIS's May 8, 2026 denial of Petitioner's application was based on (1) "Petitioner's failure to truthfully state the fact that the purpose of his travel to the United States was not to visit temporarily, but rather to permanently reside here," (2) a finding that Petitioner is inadmissible "due to his affiliation with the Communist Party of Cuba," and (3) a finding that Petitioner is inadmissible "because he had failed to show that he had not been affiliated with the Communist Party for at least 10 years preceding the filing of his naturalization application." *See id.* Respondents argue that because the grounds underlying the denial of Petitioner's Application have changed, his Petition should be denied as moot. *Id.* at 4.

In his Response, Petitioner challenges Respondents' assertion that the subsequent denial of his Application on different grounds renders his Petition moot. *See generally* Resp. Respondent avers that he "continues to suffer an actual, ongoing injury—the denial of his application for naturalization—that is traceable to USCIS and capable of redress by this Court through de novo judicial review." Resp. at 1. As such, "[t]he fact that USCIS has changed the legal grounds for its denial does not eliminate the justiciable controversy; it merely presents a new final agency action that is itself subject to judicial review." *Id.* at 1–2.

Finally, Petitioner also asks the Court to permit him to "supplement or amend the petition to incorporate the May 8, 2026, denial as the operative final decision." Resp. at 13. Respondents, in their Reply, appear not to contest this request. *See* Reply at 4 ("Where, as is the case here, the grounds for the N-400's denial (and therefore the Complaint) have changed, [petitioners] are

required to file an Amended Complaint."). Indeed, Respondents indicate that they are "mindful of the fact that the circumstances of [the] denial changed due to USCIS' unilateral decision to reopen its review of [Petitioner's] N-336" and "defer[] to the Court as to whether it should require [Petitioner] to file an Amended Complaint." *Id.*

## ANALYSIS

The Court's jurisdiction is limited to "cases" or "controversies" as prescribed by Article III of the Constitution. *See Soliman v. United States ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002) (citing U.S. Const. art. III, § 2). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001) (citation omitted). A case is moot when "it no longer presents a live controversy with respect to which the court can give meaningful relief." *Id.* (quoting *Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health and Rehab. Servs.*, 225 F.3d 1208, 1216–17 (11th Cir. 2000)). And if a case is moot, "dismissal is required because mootness is jurisdictional." *Id.* (citation omitted).

Petitioner seeks judicial review of the denial of his naturalization application pursuant to INA § 310(c), which provides that "[a] person whose application for naturalization under this subchapter is denied, after a hearing before an immigration officer under section 1447(a) of this title, may seek review of such denial before the United States district court for the district in which such person resides in accordance with chapter 7 of title 5." 8 U.S.C. § 1421(c). Although USCIS affirmed the denial of Petitioner's Application on different grounds after he filed the instant Petition, the Court recognizes that Petitioner still seeks the same relief that he did prior to May 8, 2026—judicial review of his Application following its denial pursuant to INA § 310(c).

As such, this case is distinguishable from those in which the Court has dismissed mandamus actions as moot because subsequent agency action provided plaintiffs with the very

relief they sought. *Cf. Martinez v. Noem*, No. 25-23758, 2026 WL 472311, at *2 (S.D. Fla. Feb. 19, 2026); *Smit v. Papazian*, No. 24-22215, 2024 WL 4652092, at *2 (S.D. Fla. Oct. 31, 2024). There, the plaintiffs asked the Court to compel USCIS to adjudicate their forms, and thus no live controversy remained after USCIS independently adjudicated them before the Court could take action. While here, Petitioner is in the same position as he was prior to May 8, 2026, with the only difference being the specific grounds for his denial

As Respondents point out, the Petition, [ECF No. 1], challenges the "materiality of [Petitioner's] failure to fully disclose his military service," in accordance with Respondents' grounds for denying his Application on July 9, 2026—grounds that have changed following the subsequent decision on May 8, 2026. Mot. at 3. The Court thus finds it appropriate to honor Petitioner's request to "amend the petition to incorporate the May 8, 2026, denial as the operative final decision," especially in light of Respondents' non-objection in their Reply. *See* Resp. at 13; Reply at 4.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Respondents' Motion to Dismiss for Mootness, [ECF No. 22], is **DENIED**.

2. Petitioner shall file an Amended Petition incorporating the May 8, 2026 denial as the operative final decision **on or before <u>September 24, 2026</u>**. Petitioner's failure to timely do so will result in dismissal of this case without further notice.

3. Respondents shall show cause why the requested relief should not be granted within **<u>fourteen (14) days</u>** after Petitioner files his Amended Petition. Petitioner may file a reply within **<u>seven (7) days</u>** thereafter. No other pleadings will be allowed.

4. This case shall remain **administratively CLOSED**.

**DONE AND ORDERED** in Miami, Florida, this 24th day of August, 2026.

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**